JOHN B. CLARK AND JOHN TOMASIN, PLAINTIFFS-APPELLANTS, v. ANTHONY M. DE FINO, PAUL A. ERBACH, JAMES F. LANGAN, JOSEPH P. OLIVETI, SALVATORE MOLLICA AND TERRY FOLEY, RAYMOND F. GABRIEL (ADDED DEFENDANT), DEFENDANTS-RESPONDENTS.

Argued June 12, 1979—Decided July 16, 1979.

540

541

*Mr. John Tomasin* argued the cause for appellants.

*Mr. Sydney I. Turtz* argued the cause for respondents.

The opinion of the court was delivered by

SULLIVAN, J. This appeal presents the question whether defendant, Anthony M. DeFino, the Surrogate of Hudson County, was in violation of either the New Jersey Constitution, the statutory or common law of this State, or the Code of Judicial Conduct as implemented in our Rule 1:17–1, by running for reelection for the office of Commissioner of the Town of West New York.

The facts are not in dispute. Mr. DeFino is the Surrogate of Hudson County, having been elected to that office in November 1976 for a five-year term while also serving as a Commissioner of the Town of West New York. In March 1979, prior to the expiration of his term as Commissioner, he was nominated to run for reelection to that municipal office in an election to be held on May 8, 1979. The present suit was filed in the New Jersey Superior Court, Law Division, in April 1979 challenging Mr. DeFino's nomination and candidacy on the ground that as Surrogate, he was a judge and a court clerk and was not eligible to be a candidate for another elective public office.

New Jersey has a statute, *N. J. S. A.* 2A:11–2, pertaining to a judge seeking public office. Prior to November 1978 it provided:

A judge of any court of this state, who becomes a candidate for an elective public office, thereby forfeits his judicial office, but this section shall not apply to a surrogate seeking reelection.

This statute had been applied to Mr. DeFino in a prior suit filed against him in the same court in 1975 when he also ran for reelection as a Commissioner of West New York. Then too, he was serving as Surrogate of Hudson County, having been elected to that office in November 1974. In that suit the court, in an oral decision, ruled that the provisions of *N. J. S. A.* 2A:11–2 applied to a surrogate, except where he was seeking reelection as surrogate. It therefore held that Surrogate DeFino by running for another elective public office had forfeited his office as Surrogate.[1]

Thereafter, Governor Bryne appointed Mr. DeFino to fill the surrogate vacancy on an interim basis. See *N. J. S. A.* 2A:5–7. DeFino ran for Surrogate in the next general election held in November 1976 and, as noted, was elected for a full five-year term. During this entire period he also held office as a Commissioner in West New York.

In 1978 the Legislature amended *N. J. S. A.* 2A:11–2 by striking out the words "seeking reelection" so that the statute, as amended, reads:

A judge of any court of this State, who becomes a candidate for an elective public office, thereby forfeits his judicial office, but this section shall not apply to a surrogate.

The amendment became effective November 22, 1978.

In the general election of November 1978, the electorate approved a constitutional amendment which abolished the

---

[1] The Appellate Division affirmed the trial ruling and this Court denied certification. 73 *N. J.* 60 (1977).

County Court and transferred all of its functions to the Superior Court. So far as is pertinent to this case, the amendment provided that all surrogates (who theretofore had been clerks of the Probate Division of the County Court, *N. J. S. A.* 2A:3–2) "shall become clerks of the Chancery Division (Probate Part) of the Superior Court of their respective counties." *N. J. Const.*, Art. XI, § VI(c) (1978).

As was noted above, in March 1979, prior to the expiration of his term as a Commissioner of West New York, DeFino was nominated to be a candidate to the same office in an election to be held on May 8, 1979. The present suit challenges his eligibility to be a candidate for such office on the ground that, as Surrogate, he is a judge and a court clerk, and not eligible to run for an elective public office.

The trial court ruled in DeFino's favor. In an oral opinion, it held that his status as Surrogate did not disqualify him from running for the office of Commissioner of West New York. Also, the court viewed the 1978 amendment to *N. J. S. A.* 2A:11–2 as a clear indication of legislative purpose that the forfeiture provisions of the statute were no longer applicable to a surrogate if he ran for another elective public office. The court noted that Rule 1:17–1, which prohibits judges and court personnel from engaging in political activity, is specifically made non-applicable to surrogates by Rule 1:17–2. The court cited our recent decision in *In re Conda,* 72 *N. J.* 229 (1977) for the proposition that the policy against a surrogate's political activity outside his office was hortatory and not mandatory. The court dismissed as "specious" the argument that a surrogate's present status as a clerk of the Chancery Division (Probate Part) of the Superior Court now barred him from any political activity. It did so on the ground that DeFino was a court clerk only because he was surrogate.

An appeal having been filed by defendants, the Appellate Division on May 2, 1979 affirmed for the reasons expressed in the trial court's oral opinion. This Court granted certification in the matter, —— *N. J.* —— (1979), but denied

plaintiffs' motion to stay the election. On May 8, 1979 the election was held, and DeFino was one of five candidates elected to the office of Commissioner of West New York. Pursuant to leave granted, plaintiffs then filed a supplemental complaint asking that DeFino's election as Commissioner be declared invalid and that the candidate who had received the sixth highest number of votes be declared elected.

We reject the contention that this Court should hold that DeFino's nomination, candidacy and election to the office of Commissioner of West New York be invalidated. Except as provided by the New Jersey Constitution, the Legislature has exclusive jurisdiction to fix the qualifications of candidates for public office. It has done so through the nominating and other statutory processes. Disqualification has been mandated only in limited situations. For example, see *N. J. S. A.* 19:3–5.

The holding of judicial office does not disqualify a person from becoming a candidate for an elective public office. Rather, the sanction imposed is forfeiture of the judicial office. The New Jersey Constitution, Art. VI, § VI, par. 7, provides in part that a justice of the Supreme Court or a judge of the Superior Court "who shall become a candidate for an elective public office shall thereby forfeit his judicial office." The Legislature has extended this sanction to all judges by *N. J. S. A.* 2A:11–2.

However, neither the constitutional provision, nor the statute, applies to a surrogate who becomes a candidate for an elective public office. The only statutory restriction on a surrogate becoming a candidate for another elective public office is contained in *N. J. S. A.* 19:3–5 and is based on the incompatibility of the offices. The conclusion is that there is no constitutional or statutory provision barring Surrogate DeFino from becoming a candidate for the office of Commissioner of West New York.

Plaintiffs also argue that the two offices held by De-Fino are incompatible and that under the common law he should be requested to forfeit the one to which he was last

elected. See *Reilly v. Ozzard,* 33 *N. J.* 529 (1960). The contention lacks merit. As we noted in *Schear v. Elizabeth,* 41 *N. J.* 321, 325 (1964), "application of the common law in this field, within constitutional limitations, is largely subject to legislative policy. If the lawmakers * * * ordain that one person may or may not hold two public offices, the judiciary cannot interfere" on that ground. The Legislature has dealt with this subject. *N. J. S. A.* 19:3–5. Under this statute the offices of surrogate and municipal commissioner are not declared to be incompatible. Indeed, under *N. J. S. A.* 40A:9–4(1) it is provided that "[i]t shall be lawful for a person to hold simultaneously an elective county office and an elective municipal office." Since the offices of surrogate and municipal commissioner operate in different spheres so that one is not subordinate to the other or subject to its supervision or control, no common law incompatibility exists. *Reilly, supra,* 33 *N. J.* at 543.

However, our so holding does not end the matter. In *In re Conda, supra,* 72 *N. J.* at 234, we stated that the surrogate is a judicial officer performing important judicial functions in our court system. As such he must be held to be a judge subject to the administrative oversight of the Chief Justice and the Supreme Court and to the strictures of the Code of Judicial Conduct so far as not necessarily inconsistent with his constitutional status as an elective officer.

The inquiry, therefore, is whether Surrogate DeFino's challenged conduct is in violation of the Code of Judicial Conduct or Rule 1:17–1. Canon 7 of the Code of Judicial Conduct admonishes a judge to refrain from political activity. In particular, paragraph A(2) thereof provides that

A judge should resign [from] his office when he becomes a candidate either in a party primary or in a general election for an elective public office.

This canon has been implemented by Rule 1:17–1 which applies the ban on political activity and candidacy for an

elective public office not only to judges, but to all court personnel. In pertinent part, the rule provides:

> The following persons in or serving the judicial branch of government shall not hold any elective public office, nor be a candidate therefor, nor engage in political activity, * * *.
> (a) Judges
> (b) The Administrative Director of the Courts, the Clerk of the Supreme Court, the Clerk of the Superior Court and all employees of their respective offices * * *.

The foregoing provisions clearly would apply to Surrogate DeFino in his capacity as a judge and as clerk of the Chancery Division, were it not for Rule 1:17–2 which states:

> Rule 1:17–1 shall not apply to surrogates * * *.

It was because of this exemption granted surrogates that we indicated in *In re Conda, supra,* 72 *N. J.* at 236 n. 1, that the strong policy against political activity by a judge as expressed in Rule 1:17–1, so far as it applied to outside political activity by a surrogate, was hortatory. Canon 7 of the Code of Judicial Conduct must be read in conjunction with Rules 1:17–1 and –2 and given the same application, as far as a surrogate is concerned.

Despite the foregoing, there is a strong public policy in this State against judges, including surrogates, engaging in political activity or becoming candidates for elective public office. The judicial branch of government must operate free of political involvement if it is to fulfill its constitutional purpose. That is the thrust of Canon 7 of the Code of Judicial Conduct. However, under the New Jersey Constitution a surrogate is an elected public official. *N. J. Const.,* Art. VII, § II, par. 2. When seeking reelection he must engage in political activity and run for office. Rule 1:17–2 recognizes that fact, but in giving surrogates exemption, it does not specifically limit the exemption to the situation where a surrogate is running for reelection as surrogate.

▪ Since it does not, we must hold that Surrogate De-Fino's conduct was not in violation of the Code of Judicial Conduct or Rule 1:17–1. However, since the spirit of the Code and the Rule is otherwise, the Court is referring Rule 1:17–2 to the Civil Practice Committee for a recommendation as to a modification of the rule so as to exempt a surrogate from the applicability of Rule 1:17–1 (and Canon 7) only to the extent that he is running for reelection as surrogate and to bar him from holding any other elective public office. Such a suggestion was made by the Supreme Court Committee on Rules in 1974, but was not adopted at that time. The Civil Practice Committee is to give this matter its early attention.

The judgment is affirmed.

*For affirmance*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*For reversal*—None.